IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STARR WATSON, | ) | Case No. 4:25–CV–00287 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | Magistrate Judge James E. Grimes Jr. |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the *Report and Recommendation* issued by Magistrate Judge James E. Grimes Jr. on August 27, 2025. (ECF #15).

In April 2022, plaintiff Starr Watson ("Watson") applied for supplemental security income. (*Id.* at p.1 [PageID #1239]). An Administrative Law Judge ("ALJ") denied Mrs. Watson's application on September 13, 2023. (ECF #1, *Complaint*, p.2 ¶ 7 [PageID #2]). She appealed that decision to the Appeals Council, which denied review of the ALJ's decision on October 21, 2024. (*Id.* at p.2 ¶ 8 [PageID #2]). The Appeals Council's denial of benefits ultimately became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Mrs. Watson filed the instant *Complaint* challenging the denial of benefits on February 13, 2025. (ECF #1, *Complaint*). Objections to the *Report and Recommendation* were to be filed by September 10, 2025. No objections were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends on whether objections were made to that report. When objections are made to a magistrate judge's report and recommendation, the district court reviews the case de novo. Fed. R. Civ. P. 72(b)(3) provides that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. The Advisory Committee noted with respect to subsection (b) of Rule 72 that: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's Notes (citation omitted).

The United States Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

The Court has reviewed Magistrate Judge James E. Grimes Jr.'s *Report and Recommendation* and agrees with the findings set forth therein.

Mrs. Watson raised, before the issuance of the *Report and Recommendation*, two primary arguments suggesting error on behalf of the ALJ when he denied her application for supplemental security income. Both of which were correctly addressed and dispensed with in the comprehensive *Report and Recommendation* issued by Magistrate Judge Grimes.

Her first argument alleges that the assessment of her Residual Functional Capacity was not supported by substantial evidence because it was based solely on the ALJ's lay opinion. According to Mrs. Watson, she appears to argue that the ALJ must have based his conclusion on his lay opinion because he rejected the only medical opinion of record. As a result, she claims the ALJ had a duty to further develop the record. Magistrate Judge Grimes correctly noted that *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558 (6th Cir. 2022) established the controlling law pertaining to when an ALJ has a duty to develop the record, which exists in "extreme circumstances" not present in Mrs. Watson's case. Further, the record reflects that the ALJ relied on other sources, including state psychological consultants, when reaching his decision. The ALJ's conclusion, as noted by Magistrate Judge Grimes, can hardly be said to have relied only on his lay opinion.

Mrs. Watson's second argument was that the ALJ erred because he failed, at step five of the sequential evaluation process, to identify the jobs that exist in significant numbers in the national economy. The ALJ found that three different jobs were available to Mrs. Watson in significant numbers: (1) examiner, (2) folder, and, (3) document clerk. (ECF #15, p.16–17). Regarding the final category, Mrs. Watson made an untimely argument that the position was obsolete; however, because she did not raise the issue before the agency, she forfeited this argument.

With respect to all three jobs, the ALJ found that 58,000 were available, which the ALJ deemed a "significant" number. Magistrate Judge Grimes agreed, citing cases where 18,800, 6,000, and, 2,000 jobs were considered significant. *Norris v. Comm'r of Soc. Sec.*, 139 F.4th 541, 546 (6th Cir. 2025); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009).

Further, Magistrate Judge Grimes correctly dispensed with Mrs. Watson's argument that the ALJ improperly assessed whether significant numbers of the three categories of jobs existed. Mrs. Watson argued that the ALJ should have considered every factor in *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988), factors which Magistrate Judge Grimes correctly noted are "suggestions only—the ALJ need not explicitly consider each factor." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).

Accordingly, the *Report and Recommendation* of Magistrate Judge James E. Grimes Jr., (ECF #15), is hereby ADOPTED. The final decision of the Commissioner denying plaintiff Starr Watson's application for supplemental security income is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: November 28, 2025